| FORM B1 | **United States Bankruptcy Court**<br>**District of Maryland** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Pearson, Brian Louis** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**9865** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**4706 Valley View Avenue**<br>**Baltimore, Maryland 21206-5628** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:   **Baltimore City** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☒ Individual(s) | ☐ Railroad | ☒ Chapter 7    ☐ Chapter 11    ☐ Chapter 13 | |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9    ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other _____ | | | |

**Nature of Debts** (Check one box)
☒ Consumer/Non-Business          ☐ Business

**Filing Fee** (Check one box)
☒ Full Filing Fee Attached
☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business** (Check all boxes that apply)
☐ Debtor is a small business as defined in 11 U.S.C. § 101
☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information**  (Estimates only)
☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

FILED (C)

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Brian Louis Pearson** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** |||
|---|---|---|
| Location<br>Where Filed:  **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** |||
|---|---|---|
| Name of Debtor:<br>NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Brian Louis Pearson*
Signature of Debtor

X  **Not Applicable**
Signature of Joint Debtor

410   485 -4378
Telephone Number (If not represented by attorney)

Date 6-3-2004

X *[signature]*
Signature of Attorney for Debtor(s)

**Donald H. Feige,  00421**
Printed Name of Attorney for Debtor(s) / Bar No.

**Donald H. Feige**
Firm Name

**9407 Harford Road  Baltimore, Maryland 21234**
Address

**410-882-1030**                              **410-882-1031**
Telephone Number

6/3/04
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X *[signature]*                              6/3/04
Signature of Attorney for Debtor(s)         Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

Social Security Number

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X  **Not Applicable**
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

**UNITED STATES BANKRUPTCY COURT**
**District of Maryland**

In re:  **Brian Louis Pearson**
**9865**

Case No. _____

Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 6,324.00 | **Social Security** | 2003 |

## 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3.  Payments to creditors

None
☑

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Mongram Credit Card Bank of Georgia v. Brian Louis Pearson   01010015709 2004** | **Debt Collection** | **Dist Ct of Md Baltimore City 501 E. Fayette St Baltimore, MD 21202** | **Awaiting Trial** |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.  Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Donald H. Feige** **9407 Harford Road** **Baltimore, Maryland 21234** | | **500.00** |

## 10. Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None ☑

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List  the  name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☑

a.      If the debtor is an individual, list the names, addresses,  taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|------|

* * * * * *

*[if completed by an individual or individual  and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  6-3-2004

Signature of Debtor  *Brian Louis Pearson*
Brian Louis Pearson

Form B6
(6/90)

# United States Bankruptcy Court
## District of Maryland

In re   **Brian Louis Pearson**

Case No.

Chapter    **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED



| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 3 | $ 1,100.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 5 | | $ 65,514.77 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 527.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 530.00 |
| Total Number of sheets in ALL Schedules > | | 17 | | | |
| Total Assets > | | | $ 1,100.00 | | |
| Total Liabilities > | | | | $ 65,514.77 | |

FILED (C)
2004 JUN -8 A 8: 21
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

FORM B6A
(6/90)

In re:  **Brian Louis Pearson**_____   ,    Case No.  _____
                              Debtor                                                              (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | Total ➤ | 0.00 | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re  **Brian Louis Pearson**                                                              '          Case No.

         Debtor                                                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Misc Cash on hand** | | **100.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Misc Furnishings** | | **500.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Misc** | | **300.00** |
| 6. Wearing apparel. | | **Misc Clothing** | | **200.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

FORM B6B
(10/89)

In re  **Brian Louis Pearson**                                                          ,    Case No. _____
　　　　　　　　Debtor                                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |

FORM B6B
(10/89)

In re  **Brian Louis Pearson** _____ , Case No. _____
                     Debtor                                                          (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

_2_  continuation sheets attached          Total     **$  1,100.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re  **Brian Louis Pearson** _____ , Case No. _____
                        Debtor.                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d).   **Note: These exemptions are available only in certain states.**

☑ 11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Misc | ACM, C & JP § 11-504(f) | 300.00 | 300 |
| Misc Cash on hand | ACM, C & JP § 11-504(b)(5) | 100.00 | 100 |
| Misc Clothing | ACM, C & JP § 11-504(b)(5) | 200.00 | 200 |
| Misc Furnishings | ACM, C & JP § 11-504(b)(4) | 500.00 | 500 |

FORM B6D
(6/90)

In re: **Brian Louis Pearson**                                    Case No.

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | **VALUE** | | | | | |

0 Continuation sheets attached

| | | |
|---|---|---|
| Subtotal ➢ (Total of this page) | | $0.00 |
| Total ➢ (Use only on last page) | | $0.00 |

(Report total also on Summary of Schedules)

B6E
(Rev.4/98)

In re:  **Brian Louis Pearson**                                                                    Case No. _____
_____ ,                              _____
Debtor                                                                                          (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**      (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  Continuation sheets attached

FORM B6E - Cont.
(10/89)

In re:   **Brian Louis Pearson**                                                          ,   Case No.
              Debtor                                                                                          (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. 1 of 1 sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal ➤  **$0.00**
(Total of this page)

Total ➤  **$0.00**
(Use only on last page of the completed Schedule E.)

(Report total also on Summary of Schedules)

FORM B6F (Official Form 6F) - (9/97)

In re:  **Brian Louis Pearson** _____,     Case No. _____
_____Debtor_____                                                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   5424 7708 4426 4015 | | | | | | | 1,597.71 |
| **Action Card** <br> **BankFirst** <br> **P.O. Box 5052** <br> **Sioux Falls, SD 57117-5052** | | | **Goods and Services** | | | | |
| ACCOUNT NO.   5470 5980 0053 5776 | | | | | | | 1,658.83 |
| **Action Card** <br> **BankFirst** <br> **P.O. Box 5052** <br> **Sioux Falls, SD 57117-5052** | | | **Goods and Services** | | | | |
| ACCOUNT NO.   5417 1622 8926 3380 | | | | | | | 1,552.98 |
| **Bank One MasterCard** <br> **P.O. Box 8650** <br> **Wilmington, DE 19899-8650** | | | **Goods and Services** | | | | |
| ACCOUNT NO.   4056 0311 0030 9343 | | | | | | | 4,522.49 |
| **Bank One Visa** <br> **P.O. Box 8650** <br> **Wilmington, DE 19899-8650** <br><br> **Bank One Delaware, NA** <br> **Law Department** <br> **DE1-1406** <br> **201 N. Walnut St.** <br> **Wilmington, DE 19801** | | | **Goods and Services** | | | | |

        <u>4</u>   Continuation sheets attached

                                                          Subtotal  ➢  | $9,332.01 |

                                                          Total  ➢  |  |

FORM B6F - Cont.
(10/89)

In re: **Brian Louis Pearson**                          Case No. _____
                Debtor                                                       (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 5291 1520 9123 3771 | | | | | | | 1,383.35 |
| **Capital One Gold MasterCard** P.O. Box 85147 Richmond, VA 23276 <br><br> **RCS Centre Corp** P.O. Box 945 Brookfield, WI 53008-0945 | | | **Goods and Services** | | | | |
| **ACCOUNT NO.** 4388 6417 8297 9871 | | | | | | | 1,637.76 |
| **Capital One Gold MasterCard** P.O. Box 85147 Richmond, VA 23276 <br><br> **Tsys Total Debt Management, Inc.** P.O. Box 6700 Norcross, GA 30091-6700 | | | **Goods and Services** | | | | |
| **ACCOUNT NO.** 5187 2020 9126 7969 | | | | | | | 986.06 |
| **CAPITAL ONE Platinum MasterCard** P.O. Box 85184 Richmond, VA 23285-5184 <br><br> **OSI Collection Services, Inc.** P.O. Box 550690 Jacksonville, FL 32255-0690 | | | **Goods and Services** | | | | |
| **ACCOUNT NO.** 4862 3616 5364 1071 | | | | | | | 4,082.65 |
| **Capital One Platinum Visa** P.O. Box 85147 Richmond, VA 23276 <br><br> **RCS CENTRE CORP** P.O. BOX 945 Brookfield, WI 53008-0945 | | | **Goods and Services** | | | | |

Sheet no. 1 of 4 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)

Total ➤ (Use only on last page of the completed Schedule F.)

$8,089.82

FORM B6F - Cont.
(10/89)

In re: **Brian Louis Pearson** _____,   Case No. _____
  　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **5260 3642 9458 1115** | | | | | | | 3,322.45 |
| **Chase WalMart** **P.O. Box 15583** **Wilmington, DE 19886-1194** | | | **Goods and Services** | | | | |
| ACCOUNT NO.  **5398 8090 0212 6541** | | | | | | | 887.70 |
| **CitiBank South Dakota, NA** **c/o Margolis, Pritzker, et. al.** **405 E. Joppa Rd., Ste 100** **Towson, MD 21286** **National Financial Systems, Inc.** **600 W. John Street** **P.O. Box 6046** **Hicksville, NY 11801** | | | **Goods and Services** | | | | |
| ACCOUNT NO.  **5178 0070 9240 9382** | | | | | | | 724.28 |
| **First Premier Card** **P.O. Box 5524** **Sioux Falls, SD 57117-5524** **JC Christensen and Assoc. Inc.** **P.O. Box 519** **Sauk Rapids, MN 56379** | | | **Goods and Services** | | | | |
| ACCOUNT NO.  **4435 4890 0118 5968** | | | | | | | 8,411.30 |
| **Fleet Credit Card Services** **P.O. Box 84006** **Columbus, GA 31908-4006** **Penncro Associates, Inc.** **95 James Way, Ste 113** **Southampton, PA 18966-3847** **Encore Receivable Management, Inc.** **P.O. Box 3330** **Olathe, KS 66063-3330** | | | **Goods and Services** | | | | |

Sheet no. _2_ of _4_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

Total ➤
(Use only on last page of the completed Schedule F.)

| $13,345.73 |
|---|

FORM B6F - Cont.
(10/89)

In re: **Brian Louis Pearson** _____ ,    Case No. _____

<table>
<tr><td align="center">Debtor</td><td align="center">(If known)</td></tr>
</table>

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **5490 9988 0105 0759** | | | **Setoff** | | | | 9,058.54 |
| **M&T Bank**<br>**P.O. Box 15137**<br>**Wilmington, DE 19886-5137** | | | **Goods and Services** | | | | |
| ACCOUNT NO.   **4313 0267 1440 2228** | | | | | | | 5,805.49 |
| **MBNA AMERICA**<br>**P.O. Box 15137**<br>**Wilmington, DE 19886-5137**<br><br>**Falconbridge Partners, LLC**<br>**c/o Nationwide Credit, Inc.**<br>**800 Westpoint PKWY Ste 1100**<br>**Westlake, OH 44145-1500** | | | **Goods and Services** | | | | |
| ACCOUNT NO.   **5490 9989 9990 6267** | | | | | | | 9,085.83 |
| **MBNA AMERICA BANK**<br>**ADVANTAGE ASSETS II, Inc**<br>**c/o LTD Financial Services LTD**<br>**7322 Southwest Freeway, Ste 1600**<br>**Houston, TX 77074** | | | **Goods and Services** | | | | |
| ACCOUNT NO.   **086-023-026-7** | | | | | | | 1,294.46 |
| **Mongram Credit Card Bank-JC PENNEY**<br>**P.O. Box 981131**<br>**El Paso, TX 79998**<br><br>**Mongram Credit Bank of Georgia**<br>**7840 Roswell Rd, Bldg 100, #210**<br>**Atlanta, GA 30350**<br><br>**Wolpoff & Abramson, LLP**<br>**Two Irvington Centre**<br>**702 King Farm Blvd**<br>**Rockville, MD 20850-5775** | | | **Goods and Services** | | | | |

Sheet no. __3__ of __4__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)

Total ➤ (Use only on last page of the completed Schedule F.)

| | |
|---|---|
| | $25,244.32 |
| | |

FORM B6F - Cont.
(10/89)

In re: **Brian Louis Pearson**               Case No. _____
            Debtor                                                  (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **05-65360 80770 7** | | | | | | | 4,470.22 |
| **SEARS** P.O. Box 182149 Columbus, OH 43218-2149 <br><br> **Sherman Financial Group, LLC** P.O. Box 10438 Greenville, SC 29603 | | | Goods and Services | | | | |
| ACCOUNT NO. **9-509-451-446-90** | | | | | | | 1,408.20 |
| **Target Retailers National Bank** P.O. Box 59231 Minneapolis, MN 55459-0231 <br><br> **Alliance One** 4850 Street Rd. Level C Trevose, PA 19053 | | | Goods and Services | | | | |
| ACCOUNT NO. **6007 3600 3709 9031** | | | | | | | 1,699.04 |
| **The Disney Credit Card** P.O. Box 105980  Dept 25 Atlanta, GA 30353-5980 <br><br> **Client Services, Inc.** 3451 Harry S. Truman Blvd St. Charles, MO 63301 | | | Goods and Services | | | | |
| ACCOUNT NO. **6032 2074 6106 8934** | | | | | | | 1,925.43 |
| **WALMART** P.O. Box 530927 Atlanta, GA 30353-0927 <br><br> **Universal Fidelity Corp** P.O. Box 941911 Houston, TX 77094-8911 | | | Goods and Services | | | | |

Sheet no. _4_ of _4_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                   Subtotal ➤ | **$9,502.89** |

(Total of this page)

                                                  Total ➤ | **$65,514.77** |

(Use only on last page of the completed Schedule F.)

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re: __Brian Louis Pearson_____,     Case No. _____
                                    Debtor                                                                                           (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H
(6/90)

In re: **Brian Louis Pearson**                                    Case No.
          Debtor                                                                              (If known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

FORM B6I
(6/90)

In re    **Brian Louis Pearson**                                    , Case No. _____
                            Debtor                                                              (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status:  **Single** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age:  **38**<br>Spouse's Age: | NAMES<br>**None** | AGE | RELATIONSHIP |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Unemployed** | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

Income: (Estimate of average monthly income)

|  | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 0.00 | $ |
| Estimated monthly overtime | $ 0.00 | $ |
| SUBTOTAL | $ 0.00 | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ |
| b. Insurance | $ 0.00 | $ |
| c. Union dues | $ 0.00 | $ |
| d. Other (Specify) | $ 0.00 | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ |
| Income from real property | $ 0.00 | $ |
| Interest and dividends | $ 0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ |
| Social security or other government assistance (Specify)  **SSI** | $ 527.00 | $ |
| Pension or retirement income | $ 0.00 | $ |
| Other monthly income (Specify) | $ 0.00 | $ |
| TOTAL MONTHLY INCOME | $ 527.00 | $ |

TOTAL COMBINED MONTHLY INCOME    **$ 527.00**        (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:    **NONE**

Form B6J
(6/90)

In re  **Brian Louis Pearson**                                                                      ,    Case No.
　　　　Debtor                                                                                                    (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐　Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
　　schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 250.00 |
| Are real estate taxes included? 　　Yes _____ 　No ✓ | | |
| Is property insurance included? 　　Yes _____ 　No ✓ | | |
| Utilities 　Electricity and heating fuel | $ | 0.00 |
| 　　　　Water and sewer | $ | 0.00 |
| 　　　　Telephone | $ | 0.00 |
| 　　　　Other _____ | $ | 0.00 |
| Home maintenance (repairs and upkeep) | $ | 0.00 |
| Food | $ | 150.00 |
| Clothing | $ | 50.00 |
| Laundry and dry cleaning | $ | 0.00 |
| Medical and dental expenses | $ | 35.00 |
| Transportation (not including car payments) | $ | 0.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 20.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| 　　　　Homeowner's or renter's | $ | 0.00 |
| 　　　　Life | $ | 25.00 |
| 　　　　Health | $ | 0.00 |
| 　　　　Auto | $ | 0.00 |
| 　　　　Other _____ | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| 　　　　Auto | $ | 0.00 |
| 　　　　Other _____ | $ | 0.00 |
| Alimony, maintenance or support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other _____ | $ | 0.00 |

| | | |
|---|---|---:|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 530.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | _____ |
| B. Total projected monthly expenses | $ | _____ |
| C. Excess income (A minus B) | $ | _____ |
| D. Total amount to be paid into plan each _____ | $ | _____ |
| 　　　　　　　　　　　　　(interval) | | |

In re:   **Brian Louis Pearson**                                                    Case No.
         **9865**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of       **17** sheets plus the summary
page, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **6−3−2004**                                Signature  *Brian Louis Pearson*

                                                           **Brian Louis Pearson**

                                              [If joint case, both spouses must sign]

### DECLARATION UNDER PENALTY OF PERJURY
### ON BEHALF OF CORPORATION OR PARTNERSHIP

#### (NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152
and 3571.

## United States Bankruptcy Court
## District of Maryland
# NOTICE TO INDIVIDUAL CONSUMER DEBTOR

> The purpose of this notice is to acquaint you with the four chapters of the Federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

**Chapter 7:  Liquidation  ($155.00 filing fee plus $30.00 administrative fee plus $15.00 trustee surcharge)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed the certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to a valid security interest. Your attorney can explain the options that are available to you.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income**
**       ($155.00 filing fee plus $30.00 administrative fee)**

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

**Chapter 11:  Reorganization  ($800.00 filing fee)**

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer  ($200.00 filing fee)**

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to a chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family owned farm.

I, the debtor, affirm that I have read this notice.

_6-3-2004_                     _Brian Louis Pearson_

Date                            **Brian Louis Pearson**, Debtor                    Case Number

## UNITED STATES BANKRUPTCY COURT
### District of Maryland

In re:    **Brian Louis Pearson**

**9865**

Case No. _____

Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of **0** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:    **6-3-04**

Signed: _____

**Donald H. Feige**

Bar No.    **00421**

Signed: _____

**Brian Louis Pearson**